UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MACK CARTER,<br>Reg. No. 47098-298,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:20-cv-00525-JAH-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)(1)**<br><br>**AND**<br><br>**(3) DENYING MOTION FOR U.S. MARSHAL SERVICE AS PREMATURE [ECF No. 4]** |

　　　　Terrance Mack Carter ("Plaintiff"), proceeding pro se, and currently incarcerated at the Federal Correctional Institution in Mendota ("FCI Mendota"), California, has filed this civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2674. *See* Compl., ECF No. 1 at 1. Plaintiff claims a FCI Mendota correctional officer

committed a battery against him in the facility kitchen in October 2019. *See id.* at 2. Plaintiff has not prepaid the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). *See* ECF No. 2. Plaintiff has also filed a Motion for U.S. Marshal Service. *See* ECF No. 4.

### I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified prison certificate issued by FCI Mendota, which attests as to his trust account activity pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account activity shows he carried an average monthly balance of $15.03, had average monthly deposits of $89.21 to his account over the 6-month period immediately preceding the filing of his Motion, and had an available balance of $26.86 on the books at the time of filing. *See* ECF No. 2 at 4. Thus, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $17.84 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Warden of FCI Mendota, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Warden at FCI Mendota is directed to collect the remaining balance of the $350 total fee owed in this case as mandated by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28

U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

///
///
///
///

### B.  Plaintiff's Allegations

Plaintiff seeks damages against the United States for an incident that occurred at FCI Mendota.[1] *See* Compl. at 2-3. In October 2019, Plaintiff claims an officer made "a racial comment" and "unreasonably chest bumped" him. *Id.* at 2. Plaintiff alleges the officer committed a battery against him by contacting him without consent and that the incident was caught on one of the prison's security cameras. *Id.* Moreover, Plaintiff claims the officer's actions amounted to a "slavery tactic," which caused him to suffer embarrassment and depression. *Id.* He seeks $1 million in compensatory and another $1 million in punitive damages.[2] *Id.* at 2–3.

### C.  FTCA Claim

The FTCA waives sovereign immunity for claims arising out of common law torts committed by federal employees. It "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *U.S. v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)). Moreover, the FTCA includes an exception which expressly bars claims "arising out of" an intentional tort, including assault, battery, false imprisonment, false arrest, and malicious prosecution, among others. *See Simmons v. Mischel*, No. 18-CV-02193-VKD, 2020 WL 1032233, at *7 (N.D. Cal. Mar. 3, 2020) (quoting 28 U.S.C. § 2680(h)).

///

---

[1] While Plaintiff is currently incarcerated at FCI Mendota and the act he complains of occurred there, he also alleges he is a resident of San Diego County. *See* Compl. at 1; *Smith v. United States*, 507 U.S. 197, 202 (1993) (FTCA's "venue provision, § 1402(b), provides that claims under the FTCA may be brought 'only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred'").

[2] "[J]ury trials and punitive damages awards are impermissible" under the FTCA. *Nurse v. United States*, 226 F.3d 996, 1005 (9th Cir. 2000); 28 U.S.C. § 2674 ("The United States ... shall not be liable for ... punitive damages.").

However, an "exception to the exception" also exists. *Tekle v. United States*, 511 F.3d 839, 851 n.9 (9th Cir. 2007) (citing 28 U.S.C. § 2680(h)). The FTCA "does not bar a claim against the United States for intentional torts such as assault and battery where the perpetrator is a federal investigative or law enforcement officer." *Black v. United States*, No. C13-5415RBL, 2013 WL 5214189, at *2 (W.D. Wash. Sept. 17, 2013). "[T]he waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest." *Millbrook v. United States*, 569 U.S. 50, 57 (2013).

Nevertheless, "[n]o prisoner convicted of a felony 'may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody *without a prior showing of physical injury*.'" *Hashemian v. United States Marshals*, No. 3:18-CV-00286-TMB, 2019 WL 6736197, at *5 (D. Alaska Dec. 11, 2019) (emphasis added) (quoting 28 U.S.C. § 1346(b)(2)).

Thus, although Plaintiff's Complaint alleges battery by a law enforcement officer, he fails to claim any physical injury whatsoever. *See Merz v. United States*, 532 F. App'x 677, 678 (9th Cir. 2013) (finding the district court properly dismissed pro se prisoner's FTCA claims where prisoner did not allege physical injury and sought damages for exclusively mental or emotional injuries). Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible FTCA claim, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.     Conclusion and Order

Based on the foregoing, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and **DENIES** his Motion requesting United States Marshal service without prejudice as premature (ECF No. 4).

2.     **ORDERS** the Warden of FCI Mendota, or his designee, to collect from Plaintiff's trust account the $17.84 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court is directed to serve a copy of this Order on the Warden, The Federal Correctional Institution, Mendota, 33500 West California Avenue, Mendota, California 93640.

4.     **DISMISSES** Plaintiff's Complaint against the United States of America for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

5.     **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 28, 2020

_____
Hon. John A. Houston
United States District Judge