UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MACK CARTER,<br>Reg. No. 47098-298,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Defendant. | Case No.:  3:20-cv-00525-JAH-AGS<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO**<br>**28 U.S.C. § 1915(d) AND**<br>**Fed. R. Civ. P. 4(c)(3)** |

**I.     Procedural History**

On March 20, 2020, Terrence Mack Carter ("Plaintiff"), currently incarcerated at the Federal Correctional Institution in Mendota ("FCI Mendota"), California, and proceeding pro se, filed a civil complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2674. *See* ECF No. 1 at 1. In his Complaint, Plaintiff claimed a prison officer "unreasonably chest bumped" him without consent and that the incident was caught on one of the prison's security cameras. *Id.* at 2. In addition, Plaintiff submitted a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). *See* ECF No. 2.

The Court GRANTED Plaintiff's Motion to Proceed IFP on May 28, 2020. *See* ECF No. 5 at 7. However, the Court DISMISSED Plaintiff's Complaint sua sponte and in its entirety based on his failure to state a claim upon which relief can be granted pursuant to

the mandatory screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *Id.* at 6. The Court found that Plaintiff did not allege any physical injury, and thus failed to state a plausible FTCA claim. *Id.* Therefore, the Court granted leave to amend. *Id.* at 6-8.

On June 23, 2020, Plaintiff filed a First Amended Complaint ("FAC") re-alleging his FTCA claim against the United States. *See* FAC, ECF No. 6 at 1. Plaintiff's FAC no longer names FCI Mendota as a Defendant.[1] *Id.*

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Standard of Review

As the Court previously informed Plaintiff, because Plaintiff is a prisoner and is proceeding IFP, his FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

---

[1] It was not clear in Plaintiff's Complaint whether he was attempting to sue FCI Mendota *and* the United States. However, in his FAC, Plaintiff clearly names the United States as the sole Defendant. *See* FAC at 1; *see also Dubon v. GEO Corrections and Detention,* No. 18-CV-686-CAB-RBB, 2018 WL 4002620, at *2 (S.D. Cal. Aug. 22, 2018) ("Under the FTCA, the United States is the only proper defendant and is the sole party that may be sued.") (quoting *Kennedy v. U.S. Postal Service*, 145 F.3d 1077 (9th Cir. 1998)).

1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  Plaintiff's Allegations

Plaintiff seeks damages against the United States for an incident that occurred while he was incarcerated at FCI Mendota. *See* FAC, at 1. In October 2019, Plaintiff claims an officer made "a racial slur" and "unreasonably chest bump[ed]" him. *Id.* Plaintiff alleges that the incident was caught on one of the prison's security cameras. *Id.* Moreover, Plaintiff claims the officer's "force caused [him] to pull something in his lower back." *Id.* As a result, Plaintiff claims he "has been taking [over-the-counter] medication" for his injury. *Id.* He seeks $1 million in compensatory damages and "all other relief that is just and proper." *Id.*

### C.  FTCA Claim

The FTCA waives sovereign immunity for claims arising out of common law torts committed by federal employees. It "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *U.S. v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)).

Moreover, the FTCA includes an exception which expressly bars claims "arising out of" an intentional tort, including assault, battery, false imprisonment, false arrest, and malicious prosecution, among others. *See Simmons v. Mischel*, No. 18-CV-02193-VKD, 2020 WL 1032233, at *7 (N.D. Cal. Mar. 3, 2020) (quoting 28 U.S.C. § 2680(h)).

However, an "exception to the exception" also exists. *Tekle v. United States*, 511 F.3d 839, 51 n. 9 (9th Cir. 2007). The FTCA "does not bar a claim against the United States for intentional torts such as assault and battery where the perpetrator is a federal investigative or law enforcement officer." *Black v. United States*, No. C13-5415RBL, 2013 WL 5214189, at *2 (W.D. Wash. Sept. 17, 2013). "[T]he waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest." *Millbrook v. United States*, 569 U.S. 50, 57 (2013); *but see Hashemian v. United States Marshals*, No. 3:18-CV-00286-TMB, 2019 WL 6736197, at *5 (D. Alaska Dec. 11, 2019) ("No prisoner convicted of a felony 'may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody *without a prior showing of physical injury*.'") (emphasis added) (quoting 28 U.S.C. § 1346(b)(2)).

Here, because Plaintiff now alleges he suffered a physical injury due to a battery by a federal law enforcement officer, the Court finds his FAC contains a plausible FTCA claim sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Millbrook*, 569 U.S. at 57; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

Therefore, the Court shall order U.S. Marshal service on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed

*in forma pauperis* pursuant to 28 U.S.C. § 1915.")

### III. Conclusion and Orders

Based on the foregoing, the Court:

1. **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 6) upon Defendant the UNITED STATES OF AMERICA and forward it to Plaintiff. Because Plaintiff is suing the United States, he must serve Defendant in accordance with Rule 4(i). *See* Fed. R. Civ. P. 4(i)(1). The Clerk is hereby directed to include in Plaintiff's IFP package two separate copies of this Order and its May 28, 2020 Order Granting IFP (ECF No. 5), Plaintiff's FAC (ECF No. 6), the summons, and two blank USM Form 285s for Plaintiff's use in serving the United States via the United States Attorney for the Southern District of California and the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1)(A)(i). Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include addresses where the Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package, **no later than July 31, 2020**.

2. **ORDERS** the U.S. Marshal or deputy marshal to serve a copy of the First Amended Complaint and summons upon Defendant the UNITED STATES OF AMERICA as directed by Plaintiff on the USM Form 285s provided to him **upon receipt**, **and in no case later than October 1, 2020.** The U.S. Marshal or deputy marshal must immediately thereafter file proof of that service, or proof of his or her inability to execute service, with the Clerk of the Court. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Defendant the UNITED STATES OF AMERICA, once served, to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983,"

once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond).

4. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant the UNITED STATES OF AMERICA, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or its counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

5. **DIRECTS** the Clerk of the Court to terminate FCI MENDOTA as a party to this action.

**IT IS SO ORDERED**.

Dated: June 30, 2020

Hon. John A. Houston
United States District Judge